Byron BATTENFIELD, on behalf of himself and all others similarly situated, Plaintiff-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 77-3274.

United States Court of Appeals, Ninth Circuit.

May 30, 1980.

John E. Lindberg, Price, Tinney, Lindberg & Gianas, Tucson, Ariz., for plaintiffs-appellants.

Donnie Hoover, Civ. Div., Dept. of Justice, Washington, D. C., argued, for defendant-appellee.

Before CHOY and GOODWIN, Circuit Judges and SOLOMON,* District Judge.

PER CURIAM:

Byron Battenfield, an Immigration Border Patrol Inspector, filed an action for himself and other inspectors who were employed by the Immigration and Naturalization Service (INS) during the years 1964–69, to set aside the INS interpretation of the Administratively Uncontrollable Overtime statute (AUOT), 5 U.S.C. § 5545(c)(2).[1] The AUOT statute permits an agency to pay its employees on an annual basis instead of on an hourly basis for their overtime hours which are administratively uncontrollable. The AUOT statute covers employees in a "position in which the hours of duty cannot be controlled administratively, and which requires substantial amounts of irregular, unscheduled, overtime duty with the employee generally being responsible for recognizing, without supervision, circumstances which require him to remain on duty . . . ." 5 U.S.C. § 5545(c)(2). Battenfield admits that the INS correctly classified Border Patrol Inspectors as being entitled to premium pay under AUOT.

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. 5 U.S.C. § 5545(c)(2) (Supp.1969) provided:

\* \* \* \* \* \*

(c) The head of an agency, with the approval of the Civil Service Commission, may provide that—

\* \* \* \* \* \*

(2) an employee in a position in which the hours of duty cannot be controlled administratively, and which requires substantial amounts of irregular, unscheduled, overtime duty and duty at night, on Sundays, and on holidays with the employee generally being responsible for recognizing, without supervision, circumstances which require him to remain on duty, shall receive premium pay for this duty on an annual basis instead of premium pay provided by other provisions of this subchapter, except for regularly scheduled overtime duty. Premium pay under this paragraph is determined as an appropriate percentage, not less than 10 percent nor more than 25 percent, of such part of the rate of basic pay for the position as does not exceed the minimum rate of basic pay for GS–10, by taking into consideration the frequency and duration of night, holiday, Sunday, and unscheduled overtime duty required in the position.

In 1970, 5 U.S.C. § 5545(c)(2) was amended to provide for separate premium pay for Sundays, nights and holidays.

Before 1970 Battenfield, like other inspectors, was required by INS to work Sundays, nights, and holidays as part of his regularly scheduled work week and the hours worked at such times were not considered by the INS as overtime hours. Battenfield asserts that the Government before 1970 was required to pay Border Patrol Inspectors hourly premium pay for Sunday, night, and holiday duty performed as part of their regularly scheduled work week.

Battenfield frequently worked overtime. In addition to his regularly scheduled work during the week, he often worked many extra hours on an irregular basis. He was ordered to report to work before his regularly scheduled shift began and he was called back to work after his shift was completed. On call backs and overtime work, he assisted on special cases and special details and he helped man roadblocks.

Battenfield was also required to attend monthly station meetings and quarterly pistol shoots. These meetings were scheduled irregularly and were not always held on the same day; they were often held either before or after Battenfield's shift or on one of his regularly scheduled days off. For these duties, he did not receive additional hourly overtime pay.

The Government moved for partial summary judgment on Battenfield's claim that Border Patrol Inspectors were entitled to hourly premium pay for Sundays, nights, and holidays. The court granted the Government's motion on the ground that before 1970, plaintiffs were not entitled to "hourly premium pay for Sundays, nights and holidays when such duty was performed as part of the regularly scheduled work week."

After a hearing based on stipulated facts, the district court held in favor of the Government on Battenfield's other claim that Border Patrol Inspectors are entitled to hourly premium pay instead of AUOT annual pay for irregular call-back and overtime work.

Battenfield appeals from the district court's judgment dismissing the action.

■ In this appeal, Battenfield contends that the district court erred in denying him hourly overtime pay for Sunday, night and holiday work which he performed as part of his regularly scheduled work week. Section 5545(c)(2) of Title 5 of the United States Code, as it read before 1970, provided that AUOT was the exclusive form of premium pay for Sundays, nights, and holidays except for "regularly scheduled overtime duty".

It is admitted that the hours Battenfield worked on Sundays, nights, and holidays were not regularly scheduled overtime. Under the statute he is therefore limited to the premium pay he received on an annual basis for this work. The district court properly granted the Government's motion for partial summary judgment.

■ On the issue of irregular call-back work, Battenfield contends that he should have received hourly overtime pay. He asserts that he and other Border Patrol Inspectors were required to do overtime work which could be reduced or eliminated by hiring additional personnel. We disagree.

The hiring of additional personnel is unlikely to affect the amount of overtime incurred in manning roadblocks or working on special details or special cases. These activities are connected with monitoring and responding to criminal behavior. Because criminal behavior is unpredictable, neither these duties nor personnel needs can be reasonably predicted.

■ To be eligible for hourly overtime pay, overtime work must be ordered and approved and subject to regular scheduling. *See, Burich v. United States*, 366 F.2d 984, 177 Ct.Cl. 139 (1966), *cert. denied*, 389 U.S. 885, 88 S.Ct. 152, 19 L.Ed.2d 182 (1967). There is nothing in the record which establishes that special cases or special details or roadblocks are subject to regular scheduling. Battenfield and other members of the class are not entitled to hourly premium pay for this work. AUOT compensation was proper.

Finally, Battenfield contends that the overtime resulting from pistol shoots and monthly station meetings is administratively controllable. We agree. It is not necessary that an activity must occur on the same day of the week or at the same time of day to be regularly scheduled. *Fox v. United States*, 416 F.Supp. 593, 597–98 (E.D.Va.1976). Both quarterly pistol shoots and monthly station meetings occur with sufficient frequency and consistency to be considered a person's customary and regular employment, and, therefore, subject to regular scheduling. *Aviles v. United States*, 151 Ct.Cl. 1 (1960). The Border Patrol Inspectors are entitled to hourly overtime pay rather than AUOT for these activities.

The judgment of the district court is affirmed except insofar as it denied hourly overtime compensation for quarterly pistol shoots and monthly station meetings.

Affirmed in part, reversed in part, and remanded.